|  |  |
|---|---|
| **UNITED STATES DISTRICT COURT** | **EASTERN DISTRICT OF TEXAS** |

UNITED STATES OF AMERICA  §
  §
*versus*  §  CRIMINAL ACTION NO. 4:08-CR-59(8)
  §
COLIN JOHN NICKERSON  §

## ORDER ADOPTING REPORT AND
## RECOMMENDATION OF THE UNITED STATES MAGISTRATE JUDGE

On July 7, 2008, Defendant Colin John Nickerson ("Nickerson") filed his Motion to Suppress (#222). In his motion, Nickerson seeks to suppress a bottle containing approximately 138 grams of gamma hydroxybutyrate ("GHB") that was recovered from his motorcycle during a traffic stop conducted by the Dallas Police Department on September 21, 2007. The Court referred Nickerson's motion to the Honorable Don D. Bush, United States Magistrate Judge, for hearing, consideration, and a recommendation. After considering the evidence presented and the arguments of counsel at a hearing held on July 22, 2008, Judge Bush recommended that the pending motion be denied. Subsequently, on July 31, 2008, Nickerson filed his Objections to Report and Recommendation and Objection to Court Ruling on Assistance From a Polygrapher (#312).

If any party objects to a magistrate's findings and recommendations, the Court must conduct a *de novo* review. Section 636(b)(1)(B) provides that:

> (A) a judge may . . . designate a magistrate to conduct hearings . . . and to submit to a judge of the court proposed findings of facts and recommendations for the disposition, by a judge of the court, of [a motion to suppress evidence in a criminal case] . . . .
>
> Within ten days after being served with a copy, any party may serve and file written objections to such proposed findings and recommendations as provided by rules of court. A judge of the court shall make a *de novo* determination of those

>portions of the report or specified proposed findings or recommendations to which objection is made. A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate. The judge may also receive further evidence or recommit the matter to the magistrate with instructions.[1]

"Indeed, the fact finding process may be improved by the referral practice. In making a final determination, the district court has the benefit of a carefully developed record, a magistrate's thoughtful consideration of the issues, and argument of counsel regarding specifics not agreeable to the parties." *United States v. Marshall*, 609 F.2d 152, 155 (5th Cir. 1980) (quoting *United States v. Whitmire*, 595 F.2d 1303, 1305 (5th Cir. 1979)).

In conducting a *de novo* review, "the district court is not required to rehear testimony when a suppression hearing has been referred to a magistrate." *United States v. Lewis*, 621 F.2d 1382, 1387 (5th Cir. 1980) (citing *United States v. Raddatz*, 447 U.S. 667, 673-76 (1980)). "It is for the district court to decide how much it wishes to rehear." *Id*. Here, the Court reviewed the pending motion, the Government's response, the report of the United States Magistrate Judge, and Nickerson's objections. Additionally, the Court read the entire transcript of the hearing held on July 22, 2008. *See United States v. Elsoffer*, 644 F.2d 357, 358-59 (5th Cir. 1981); *Lewis*, 621 F.2d at 1387. On Monday, August 4, 2008, the Court provided the parties with an opportunity to supplement the carefully developed record and to present the testimony of two individuals who were unavailable on July 22, 2008—Officer Coit Willis and Sergeant Barry Ragsdale, both of the Dallas Police Department. In addition, the court heard the testimony of Joe D. Morris, a

---

[1] Prior to the July 22, 2008, hearing, the parties agreed to shorten the objection period as to the Motion to Suppress to five (5) days.

polygraph examiner engaged by defense counsel to administer a polygraph examination to Nickerson.[2]

Having considered the record, including the additional evidence elicited on Monday, August 4, 2008, the Court finds no legal or factual error in Judge Bush's Report and Recommendation. Moreover, even assuming *arguendo* that the narcotics were obtained through an unlawful search, the Court is of the opinion that the record indicates, by a preponderance of the evidence, that the officers' normal police procedure would have inevitably led to the discovery of the GHB. The United States Court of Appeals for the Fifth Circuit has recognized that the inevitable discovery doctrine is applicable in instances where the government establishes by a preponderance of the evidence that: "(1) a reasonable probability that the contested evidence would have been discovered by lawful means in the absence of the police misconduct and (2) that the government was actively pursuing a 'substantial alternate line of investigation at the time of the constitutional violation.'" *United States v. Lamas*, 930 F.2d 1099, 1102 (5th Cir. 1991) (quoting *United States v. Cherry*, 759 F.2d 1196, 1205-06 (5th Cir.1985)). In light of the warrants check, which revealed an outstanding warrant for Nickerson's arrest,[3] the Court concludes that the GHB recovered from Nickerson's motorcycle would have been lawfully found pursuant to an inventory search in accordance with the Dallas Police Department's standard policy.[4]

---

[2] Although the Court's Order dated July 9, 2008, denied Nickerson's *ex parte* request for additional CJA funds for the administration of a polygraph examination, defense counsel utilized funds that had been authorized for investigative services.

[3] The parties do not dispute the existence or validity of the warrant.

[4] Dallas Police Department General Order 313.12(A)(2)(a) provides that "[i]n all cases where a vehicle is impounded, an inventory search of the vehicle will be conducted. The search will be made by the

Accordingly, the United States Magistrate Judge's report is hereby **ADOPTED**, Nickerson's objection regarding the lack of assistance from a polygrapher is **MOOT**, and Nickerson's Motion to Suppress (#222) is **DENIED**.

SIGNED at Sherman, Texas, this 6th day of August, 2008.

_____
MARCIA A. CRONE
UNITED STATES DISTRICT JUDGE

---

impounding officer, at the scene of the impoundment whenever possible." Further, section 313.12(A)(2)(b) states:

> When inventorying a vehicle, the vehicle and its container are to be inspected and inventoried. A locked container may be inspected only if the officer can do so without damaging the container or breaking the lock. Container shall mean any object capable of holding other objects, including but not limited to: vehicle trunk, glove compartments, consoles, luggage, briefcases, boxes, bags, purses or clothing. If the container cannot be opened and inspected, it should be so noted on the wrecker book.